# Daley *versus* Koons.

A testator, in apt and formal words, gave an estate in fee to four of his children.    To the fifth, his daughter Mary Ann, he gave the farm on which he then resided, "for and during her natural life, and after her death to her children in fee; and in the event of my said daughter Mary Ann dying, without issue, I then, after her death, give and devise said farm, given to her for life, to my son William, and my daughters, Susan, Amanda and Wilhelmina, share and share alike, or their legal heirs and representatives (children taking the parent's share) in fee."    *Held*, affirming the court below, that Mary Ann did not take a fee by the devise.

May 13th 1879.    Before Sharswood, C. J., Mercur, Gordon, Trunkey and Sterrett, JJ.    Paxson and Woodward, JJ, absent.

Error to the Common Pleas of *Cumberland county :* Of May Term 1879, No. 190.

Debt by Christopher Daley and Mary Ann, his wife, against Adam Koons, wherein a case was stated for the opinion of the court, in substance as follows : Samuel Westafer died in October 1872.    By his· will, dated April ·20th 1871, he gave estates in fee to four of his children.    The clause of his will in reference to the fifth child, his daughter Mary Ann, was in these words :

"I give and devise to .my daughter, Mary Ann Westafer, the farm on which I at present reside, situate in Newton township, con-

[Daley v. Koons.]

taining one hundred and sixty-eight acres, more or less, for and during her natural life, and after her death to her children in fee, and in the event of my said daughter, Mary Ann, dying without issue, I then, after her death, give and devise said farm, given to her for life, to my son William and my daughters, Susan, Amanda and Wilhelmina, share and share alike, or their legal heirs and representatives (children taking the parent's share), in fee."

In October 1874, Mary Ann married Christopher Daley. In 1878 Daley and his wife contracted to sell the real estate, above devised to Mary Ann, to Adam Koons, the defendant. In 1879, the plaintiffs tendered Koons a general warranty deed, which he refused to accept, on the ground that Mary Ann Daley did not take a fee by the devise, and therefore could not convey such title. This suit was instituted to recover the first instalment of the purchase-money. If the court decided that she did take a fee, judgment was to be entered for the plaintiffs; if otherwise, for the defendant.

The court, Herman, P. J., after reciting the foregoing clause of the will, in an opinion, said:

"It will be observed that the phrase, 'and in the event of my said daughter, Mary Ann, dying without issue,' is introductory to an ulterior devise of the same land. By a well-settled rule of construction, the words 'dying without issue,' or others of similar import, thus following a devise to children in fee, mean dying without children, and are not referable to an indefinite failure of issue. See cases collected and rules deduced therefrom in 2 Jarman on Wills, commencing on page 368. This rule is decisive of the question presented by the case stated, for there is nothing to be found within the four corners of the will expressive of an intention to use the word 'issue' in any other sense than that of 'children.' This does not conflict with the case of Haldeman v. Haldeman, 4 Wright 29, for there the words importing a failure of issue were not introductory to a devise over, but were manifestly employed by the testator to declare anew the duration of the estate he had previously given. Mr. Justice STRONG, delivering the opinion of the Supreme Court, states the rule to be, that when an express limitation to a particular class of issue, by an appropriate term of designation, as 'son,' 'daughter,' 'children,' is followed by the words, 'in default of issue,' or others kindred thereto, introducing an ulterior devise; these words are referable to the object of that limitation, and not to an indefinite failure of issue.

"The word 'children,' by which the remainder-men are described in the will of Samuel Westafer, is, in its usual sense, a word of purchase, and is so regarded, unless the testator has unmistakably used it as descriptive of the extent of the estate given, and not to designate the donors.

"I think there is no rule of construction by which it can be made clearly to appear, from the language employed by this testator,

that he intended to use the word 'children' in any other sense than as a word of purchase.

"It is the opinion of the court that the plaintiff, Mary Ann Daley, did not, under and by virtue of the will of her father, Samuel Westafer, take an estate in fee, and therefore is not seised of such an estate, and cannot convey to Koons such an estate, and judgment is therefore entered for defendant for costs."

*F. E. Beltzhoover* and *W. F. Sadler*, for plaintiffs in error.— In what sense did the testator intend to use the word children? Could it have been his intention to limit his bounty to the immediate child or children of the plaintiff in error? If the word children is to be construed literally, then, in case his daughter should have a child, and it in time a child, and then her child should die in her lifetime, and the grandchild should survive her, it would not inherit. The testator certainly did not intend that the estate devised to his daughter for life should be enjoyed after her death by her brothers and sisters, to the exclusion of her grandchildren. Ordinarily, the use of the word children imports words of purchase and not of limitation; but it is also true that when used in the sense of issue, it is to receive the same meaning as issue does. If the testator used the word in this sense, a fee vested in the first taker. Haldeman *v.* Haldeman, 4 Wright 29, is analogous to this case.

*George S. Emig,* for defendant in error.—The ruling of the court below is sustained by Walker *v.* Milligan, 9 Wright 179; Curtis et al. *v.* Longstreth, 8 Id. 301; Cote *v.* Von Bonnhorst, 5 Id. 243.

Chief Justice SHARSWOOD delivered the opinion of the court, May 26th 1879.

The cardinal canon in the construction of wills is to ascertain, if possible, the intention of the testator, and carry it into execution, if it be 'not inconsistent with the rule or policy of the law. Ancillary to this, though still subordinate, are some special rules, settled by precedents, as to the meaning to be given to certain language. It is rare that two wills are exactly alike, and even if a professional draughtsman studiously follows the form of some adjudged case, it may sometimes happen that other parts of the will, or the circumstances of the testator's family, may make a difference. As a general rule, precedents, however, are to be followed. We are of opinion that the determination of the courts, as to the construction to be put on the words used in the will now before us, entirely accords with the evident intention of the testator. He gives, by apt and formal words, estates in fee to his other children. To his daughter Mary Ann he gives the farm on which he then resided, "for and during her natural life, and after her death to

[Daley v. Koons.]

her children in fee; and in the event of my said daughter Mary Ann dying without issue, I then, after her death, give and devise said farm, given to her for life, to my son William and my daughters Susan, Amanda and Wilhelmina, share and share alike, or their legal heirs and representatives (children taking the parent's share), in fee." He expresses his intention twice that Mary Ann should only take an estate for life. To lay hold of the words "dying without issue," to convert her estate into a fee so as to give her the power to dispose of it away from her children, if she had any, or away from her brothers and sisters and their heirs, if she had no children, would contravene and disappoint the manifest intention of the testator. Fortunately, there is no adjudged case in this state or elsewhere which requires or would justify us in doing so. Mr. Jarman, in his valuable treatise on wills, after referring to a number of authorities establishing the settled rule of construction to be that the words "in default of such issue," following an express devise to any particular branch of issue, as children, sons or daughters, will be construed to refer to the issue before described, adds: "It is well settled also that words importing a failure of issue (without the word *such*), following a devise to children in fee-simple or fee-tail, refer to the objects of that prior devise and not to issue at large:" 2 Jarman 372. The cases to which he refers fully support his position. There is nothing in Haldeman v. Haldeman, 4 Wright 29, which throws any doubt upon this doctrine. On the contrary, Mr. Justice STRONG, in his opinion, quotes and affirms it. He says: "The words 'child or children,' by which the remainder-men were described, are in their usual sense words of purchase, and are always so regarded, unless the testator has unmistakably used them as descriptive of the extent of the estate given and not to designate the donee." But the opinion of the court in that case was that the testator had "employed the words 'child,' 'children' and 'issue' indiscriminately, and all of them as meaning an entire line of lineal descent." The decision has clearly no application to the case now before us.

The main argument urged upon us by the learned and zealous counsel for the plaintiff in error, was that, under the construction put upon this will by the court below, if Mary Ann should have children, who should die in her lifetime leaving children, these grandchildren would be cut off. This the testator evidently did not contemplate. If it were so, there would be considerable force in this contention. But upon the birth of any child of Mary Ann, the remainder would vest in such child, subject to open and let in other children subsequently born; so that upon the death of such child, the interest and estate being vested, would descend to children, heirs and legal representatives, under the intestate laws.

Judgment affirmed