# WM. WESTHAFER, EXR., v. JAMES KOONS.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY.

Argued April 28, 1891—Decided October 5, 1891.
[To be reported.]

1. When a petition for the sale of real estate under the act of April 18, 1853, P. L. 503, the object of which is to defeat a contingent remainder, fails to set forth such purpose, as required by § 5 of said act, the decree of sale will not give to the purchaser such a title as he will be compelled to accept.

2. Whether, in such a case, a purchaser, who in good faith has accepted the title under the decree of sale and has paid the purchase money, would be protected by the curative provisions in § 5, so that the title, in his hands, would be unaffected by the failure to comply with the act, not decided.

3. "We need not discuss the question, how far a purchaser, taking the title in good faith under this act and paying the purchase money, would be protected by this curative provision. It would probably cover everything but want of jurisdiction in the court:" Per Mr. Chief Justice PAXSON.

Case Stated.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL-
LUM and MITCHELL, JJ.

No. 17 July Term 1891, Sup. Ct.; .court below, No. 494 May
Term 1891, C. P.

To the number and term of the court below, there was ·
filed a case stated in the nature of a special verdict for the
opinion of the court, between William Westhafer, executor of
Samuel Westhafer, deceased, plaintiff, and James Koons, de-
fendant, setting out the facts in substance as follows:

By his will, dated April 20, 1871, admitted to probate on
October 9, 1872, Samuel Westhafer made the following devise:

"I give and devise to my daughter, Mary Ann Westhafer,
the farm on which I at present reside, situate in Newton town-
ship, bounded by lands of Henry Killian, Mrs James and others,
containing one hundred and sixty-eight acres, more or less, for
and during her natural life, and after her death to her children
in fee ; and in the event of my said daughter Mary Ann dying
without issue, I then after her death give and devise said farm
given to her for life to my son William and my daughters,
Susan, Amanda, and Wilhelmina, share and share alike, or to
their legal representatives (children taking the parents' share),
in fee."

The testator also devised a farm to his son William, and
another to his daughter Susan, wife of William Jacoby; and
to his daughter Wilhelmina, wife of C. Jacoby, he bequeathed
a legacy of six thousand dollars. He had but these four chil-
dren. His estate was insufficient for the payment of the six
thousand dollar legacy ; and, in order to avoid proceedings for
contribution, the parties agreed to make up the deficiency in
the following proportions, viz., each of the devisees was to pay
two sevenths thereof, and the legatee to bear the loss of one
seventh. William Westhafer and Susan A. Jacoby paid their
proportions of the deficiency on April 1, 1876, to wit the sum
of $280.28 each. Mary Ann, then married to C. Daley, failed
to pay, and has never yet paid her proportion. On May 3,
1881, she with her husband conveyed her life-estate in the farm
devised to her for life, to James Koons, by deed duly recorded.
For the past seven or eight years she has been living apart from
her husband C. Daley, whose whereabouts are unknown. She

has never had any child, and is now fifty-six or fifty-seven years old.

William Westhafer, William Jacoby and Susan A. Jacoby, his wife, in her right, and Wilhelmina Jacoby, widow, nee Westhafer, in October, 1890, contracted to sell and convey the remainder in fee in the said tract of land, devised to Mary Ann Daley as aforesaid, for life, to the said James Koons for forty-five hundred dollars, which the said James Koons agreed to pay in cash on April 1, 1891, upon getting a good title therefor. By the agreement of the parties, William Westhafer, executor of Samual Westhafer, deceased, was to apply to the Orphans' Court of Cumberland county, to have the sale ratified, approved and confirmed, with authority to convey the property to the said James Koons, upon the joinder of the said William Westhafer and wife, William Jacoby, and Susan A., his wife, in her right, and Wilhelmina Jacoby in the deed therefor, and to have a decree made that the purchase money should be in lieu of the real estate. The parties further agreed that the deficiency in the estate, viz., the sum of $280.28, with interest from April 1, 1876, for the payment of the legacy to Wilhelmina Jacoby, should be apportioned among them; that the purchase money, less costs and expenses, should be divided equally between the said William, Susan, and Wilhelmina, the proportions of said deficiency payable by each to be deducted from his or her share of the purchase money, and that a refunding release should be given to the executor.

On March 10, 1891, William Westhafer, executor of Samuel Westhafer, deceased, presented a petition to the Orphans' Court of Cumberland county, reciting the facts above stated, and making the following averments:

" It is for the interest of the parties concerned in the same, that the property should be sold; and the price is a just and good one, as it is depreciating in value.

" The said Mary Ann Daley has now reached an age when it is not in the course of nature possible for her to have any issue.

" Your petitioner, therefore, prays Your Honor to make an order and decree ratifying, approving and confirming the sale made to the said James Koons as aforesaid; for the payment of the deficiency in the legacy to the said Wilhelmina Jacoby

Case Stated.

out of the said purchase money, in the proportions agreed upon;
that the balance of purchase money may stand in place of and
be in lieu of the said real estate; that he may be authorized
and empowered to convey the fee in said tract of land to the
said James Koons, joining therein the said William Westhafer,
William Jacoby and Susan A., his wife, in her right, and the
said Mrs. Wilhelmina Jacoby, the tenants in remainder of said
land, and for such other and further order as the circumstances
of the case may seem to Your Honor to require."

A rule to show cause why the prayer of the petition should
not be granted, was thereupon issued and served upon Mary
Ann Daley, and a bond in the sum of nine thousand dollars
was approved by the court and placed on file. On March 24,
1891, the Orphans' Court entered a decree ratifying, approving
and confirming the sale, and empowering the petitioner to con-
vey the land to the purchaser in fee-simple, subject to the life-
estate therein under the will of Samuel Westhafer, deceased,
upon the joinder in such conveyance of William Jacoby and
Susan A., his wife, in her right, Mrs. Wilhelmina Jacoby,
widow, and the said William Westhafer and wife, as tenants in
remainder in said real estate, and that the said purchase money
stand in place and be in lieu of said real estate. The decree
recited that due proof had been made " that the property is
depreciating in value, and that it will be for the interest of the
beneficiaries to approve the sale."

On April 1, 1891, the deed of William Westhafer, executor,
William Westhafer and wife, Susan A. Jacoby and husband,
and Wilhelmina Jacoby, in due form and properly acknowl-
edged, was tendered to said James Koons, who declined to ac-
cept it, asserting that the Orphans' Court had not power to
confirm the sale; and, at the same time, he tendered the pur-
chase money, and demanded a conveyance that would give
him full title to the remainder in said land.

" If, upon the facts stated and the law, the court should be
of the opinion that the Orphans' Court of Cumberland county
had jurisdiction of the subject, and had the power to approve,
ratify and confirm the said sale, so that the conveyance ten-
dered carried title to the remainder in said tract of land to the
said James Koons, his heirs and assigns, as against any persons
claiming the same under the will of Samuel Westhafer, de-

ceased, whether such persons are now in existence or may hereafter exist, then judgment to be entered in favor of the plaintiff for forty-five hundred dollars, otherwise in favor of the defendant; the costs to follow the judgment, and either party to have the right to appeal and take out a writ of certiorari to the Supreme Court without oath or bail."

After argument, the court, SADLER, P. J., filed the following opinion and decree:

That Mary Ann Westhafer took a life-estate in the land devised to her by the will of her father, Samuel Westhafer, deceased, was determined in Daley v. Koons, 90 Pa. 246. A contingent remainder was given to her children by the said will, and to her brother and two sisters was devised an estate which, if not construed to be a contingent remainder also, will be held to be an executory devise. See Waddell v. Rattew, 5 R. 230; Stehman v. Stehman, 1 W. 466; Boyd v. Bigham, 4 Pa. 102; List v. Rodney, 83 Pa. 483.

Besides, it will appear from the petition to the Orphans' Court praying for the sale of the said real estate, that it was depreciating in value, and the decree was founded upon the fact that it appeared to be for the interest of the beneficiaries that the same should be sold. The Orphans' Court, therefore, had " jurisdiction of the subject " under the act of April 18, 1853, and " power to ratify and confirm the sale : " Grenawalt's App., 37 Pa. 99; Moorhead v. Wolff, 123 Pa. 368. It may be observed that no appeal has been taken from the decree of the Orphans' Court confirming the sale. We are of the opinion that plaintiff is entitled to recover.

And now, April 14, 1891, judgment is entered in favor of the plaintiff and against the defendant for the sum of forty-five hundred dollars and interest from date, and costs of suit.

—Thereupon the defendant took this appeal, specifying that the court erred in entering judgment for the plaintiff upon the case stated.

*Mr. A. B. Sharpe*, for the appellant :

The fact that Mary Ann Daley is advanced in age, and is living " apart from her husband whose whereabouts are unknown," is immaterial. A probability of issue is always sup-

posed to exist, in law, until extinguished by the death of the
party : 2 Bl. Com., 125; List v. Rodney, 83 Pa. 483. The act
of April 18, 1853, P. L. 503, is not intended to authorize such
a proceeding as the one now in question. The cases cited by
the court below, to support the jurisdiction of the Orphans'
Court, do not go that far. In each of them there were debts
to be provided for, and had this fact not appeared the sales
would not have been confirmed. Again, how did it appear to
the court that the property now in question was depreciating
in value ? No auditor was appointed ; no facts were stated, or
data given, showing the depreciation. The only "benefici-
aries" whose "interest" was consulted by the Orphans' Court
were the collateral heirs and the purchaser of the farm.

*Mr. John Hays* (with him *Mr. R. M. Henderson*), for the ap-
pellee :

It is clear that the remainder devised to the unborn children
of Mary Ann was contingent: 2 Bl. Com., 167 ; List v. Rodney,
83 Pa. 483 ; Craige's App., 126 Pa. 223. The gift over to the
testator's other children, at her death, was either an executory
devise : 2 Bl. Com., 172 ; Grenawalt's App., 37 Pa. 95, or a con-
tingent remainder : List v. Rodney, supra; Craige's App., supra,
Waddell v. Rattew, 5 R. 231; Stehman v. Stehman, W. 1 466.
In either case, the act of April 18, 1853, P. L. 503, conferred
jurisdiction upon the Orphans' Court. The sale having been
confirmed by a decree not appealed from, a title in fee-simple
passed by the deed tendered to Mr. Koons : Grenawalt's App.,
37 Pa. 95 ; Moorhead v. Wolff, 123 Pa. 365. Even if the de-
cree had been appealed from it would have been affirmed, as
all the requirements of the act of 1853 were complied with :
Grenawalt's App., supra.

OPINION, MR. CHIEF JUSTICE PAXSON :

The act of April 18, 1853, P. L. 503, commonly called the
Price act, is very broad in its terms, and its object was to un-
fetter real estate. It has now been in operation for nearly forty
years, and title to a vast amount of real estate has been made
under it. The second section provides that, upon application
to the proper court, real estate may be sold, " whenever real
estate shall be entailed, or contingent remainders or executory

Opinion of the Court.

devises shall be limited thereon." It was held in Daley v. Koons, 90 Pa. 246, that Mary Westhafer took but a life-estate in the land involved in this controversy. The will of Samuel Westhafer, by which she derives title, after giving her an estate for life, provides:

"And after her death to her children in fee, and in event of my said daughter Mary Ann dying without issue, I then, after her death, give and devise said farm given to her for life to my son William, and my daughters Susan, Amanda, and Wilhelmina, share and share alike, or to their legal heirs and representatives, (children taking the parent's share,) in fee."

It appears from the case stated that, in 1881, Mary Ann Westhafer, then Mary Ann Daley, with her husband, conveyed her life-estate in the premises to James Koons, the defendant; that subsequently the remainder-men before named contracted to sell the remainder in fee of said property to the said James for the consideration of four thousand five hundred dollars, and that an application was made to the Orphans' Court of Cumberland county to ratify and approve said sale under the act of 1853; and that upon the twenty-fourth day of March, 1891, the said court made an order by which said sale was "ratified, approved, and confirmed." Notwithstanding this order of the court, the defendant Koons declines to take the title, for the reason that it is not a good, marketable title. The learned judge below held that the title was good, and entered judgment for the plaintiff in the case stated.

Mary Ann Daley, to whom the estate was devised for life, is still living, although apart from her husband. She is now fifty-seven years of age, and childless. There is no probability, even if there is a possibility, of her ever having children hereafter, yet it was decided in List v. Rodney, 83 Pa. 483, that in the devolution of estates the law presumes that the possibility of bearing children exists, even when a woman has passed the age to which the ability to do so usually continues. It is very evident that there is a remainder contingent upon Mary Ann dying without issue. Should she have issue, the remainder to William, Susan, Amanda, and Wilhelmina would be worthless. It was to bar this contingent remainder that the application was made to the Orphans' Court; there could have been no other motive, as but for this contingent remainder, the

Opinion of the Court.

remainder-men named could have passed the fee without an order of the court. This involves the regularity of that proceeding and its sufficiency to pass the title.

The curative powers of the act of 1853 are very great. The fifth section provides:

" That the title of purchasers, under all such sales, . . . . shall be a fee-simple title, indefeasible by any party or persons having a present or expectant interest in the premises, and be unprejudiced by error in the proceedings of the court."

We need not discuss the question how far a purchaser taking the title in good faith under this act, and paying the purchase money, would be protected by this curative provision. It would probably cover everything but want of jurisdiction in the court. Be that as it may, the purchaser here has not taken the title; he objects to it on the ground that it is defective. He has a clear right to decline to take the title, unless the proceedings in the Orphans' Court are in conformity to the act of 1853. He is not bound to take a defective title and trust for his protection to the curative provision of the act.

The third section of the act provides that " such sale . . . . may be decreed upon the petition of any trustee, guardian, committee, or person interested," etc. The petition in this case was presented by William Westhafer, as executor of Samuel Westhafer, deceased. We are unable to see what the executor of Samuel Westhafer has to do with this real estate. It may be that William Westhafer, executor, and William Westhafer, devisee, are one and the same person; but the petition does not say so, nor is there any averment in it that he, the petitioner, has any interest in the real estate. Such facts can only be found inferentially from the similarity of names. This is an irregularity, but perhaps not a very serious one, after final decree. There is another flaw in the proceedings, however, which is serious. It is at least doubtful whether there is anything upon the face of the petition to give the Orphans' Court jurisdiction. Waiving that question, it is very clear that the decree of the court below cannot operate to bar the contingent remainder. The fifth section of the act of 1853 provides " that the petition shall set forth an explanation of the title, and of the purpose to bar the entail, defeat the contingent remainder," etc. As before stated, the only object of this application to

the Orphans' Court was to defeat this contingent remainder; yet no such purpose is stated in the petition, although expressly required to be set forth therein by the act of assembly: Smith v. Townsend, 32 Pa. 442. We are of opinion that by reason of this defect the contingent remainder is not barred. It follows that the title is defective, and the defendant is not bound to accept it in this shape.

We have heretofore had occasion to condemn this loose and careless way of proceeding under the Price act. In a matter so serious as the title to real estate, too much care cannot be exercised in the preparation of the papers and the conduct of the proceedings. Above all, it is essential to see that the case comes clearly within the act of 1853, and therefore within the jurisdiction of the court.

> The judgment is reversed; and judgment is now entered for the defendant.