## Carlisle, Appellant, *v.* Carlisle.

*Real property—Life estates—Fee-tail estates—Rule in Shelley's Case—Contingent remainders—Wills—Meaning of "issue"—Construction—Intention.*

1. The words "in default of such issue" following an express devise to any particular branch of issue, as children, sons, or daughters will be construed to mean the issue before described.

2. Words importing a failure of issue (without the word "such") following a devise to children in fee-simple or fee-tail refer to the object of that prior devise and not to issue at large.

3. A testator gave to his son "the farm he now lives on for and during his life to use and occupy as his own, and if he should have children living at his death, then I devise the same to them, but if he should die without issue as aforesaid, then I devise the same to my said grandson." The son conveyed one-third interest in the property to one of the defendants, devised all his estate to the other, and died without issue. The grandson claimed the estate. Defendants contended that the word "children," in view of the words immediately following, "but if they should die without issue as aforesaid" meant issue in the sense of heirs of the body; that under the rule in Shelley's Case the son took a fee-tail estate, which under the Act of April 27, 1855, P. L. 368, became an estate in fee-simple. *Held,* that the expression "but if he should die without issue as aforesaid" meant children living at the time of the son's death, and that on the death of the son without issue the estate vested in the grandson.

Argued Oct. 16, 1913. Appeal, No. 92, Oct. T., 1913, by plaintiff, from judgment of C. P. Washington Co., Nov. T., 1912, No. 96, for defendants in case of Joseph Edgar Carlisle v. Ella J. Carlisle, and J. M. Dickson. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Reversed.

Amicable ejectment to determine title to lands in Washington County. Before McILVAINE, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for defendants on a state-

ment of facts agreed upon by the parties.  Plaintiff appealed.

*Error assigned,* among others, was the judgment of the court.

*T. M. Gealey,* with him *M. A. H. McIlvaine, Harry L. Williams,* and *John R. McCreight,* for appellant.

*James I. Brownson,* of *Donnans, Brownson & Miller,* with him *J. M. Dickson,* for appellees.

OPINION BY MR. JUSTICE BROWN, January 5, 1914:

Joseph Carlisle, at the time of his death—September 17, 1898—was the owner of the farm involved in this amicable action of ejectment.  The present title to it depends upon the proper construction of the following clause in his will:  "Third.  I give and devise to my son Newton Carlisle, the farm he now lives on, for and during his life, to use and occupy as his own, and if he should have children living at his death, then I devise the same to them, but if he should die without issue as aforesaid, then I devise the same to my said grandson Joseph Edgar Carlisle."  Newton Carlisle, who never had any children, died July 17, 1912, leaving a will, by which he gave his entire estate to his wife, Ella J. Carlisle, one of the appellees.  More than two years before his death he had executed a deed for an undivided third interest in the farm to J. M. Dickson, one of the defendants in this action brought by Joseph Edgar Carlisle, claiming title as the devisee of his grandfather.

In determining whether Joseph Carlisle gave an estate in fee-tail to his son Newton, which became a fee-simple under the Act of 1855, our first inquiry is, What was the testator's intention?  It could not have been more clearly expressed that the son's estate was to be limited to his life, with a devise over to his "children living at his death."  If nothing followed these words,

it could not be questioned that the word "children" should be given its primary meaning, and that children of the son Newton living at the time of his death would have taken as purchasers by devise directly from their grandfather. But it is contended that, in view of the words immediately following—"but if he should die without issue as aforesaid"—the testator intended to use the word "children" in the sense of issue or heirs of the body, and that the devise to the son, therefore, became a fee-simple under the Act of 1855 and the application of the rule in Shelley's Case. This contention was sustained by the court below, the learned president judge who spoke for it being of opinion that when the testator used the word "issue" he intended to define the meaning to be given to the preceding word "children." In this we are unable to concur. On the contrary, we are clear that the testator intended the word "issue" to mean "children living" at the time of his son's death. The words are not "if he should die without issue," but "if he should die without issue aforesaid." The "issue aforesaid" are "children living" at the time of the son's death, and the unmistakable intention of the testator in using the words "issue as aforesaid" was to again refer to those children. No other intention can be imputed to him, and the words "issue as aforesaid" must be construed as meaning the children to whom the testator referred and as, therefore, importing a definite failure of issue. "Mr. Jarman, in his valuable treatise on wills, after referring to a number of authorities establishing the settled rule of construction to be that the words 'in default of such issue,' following an express devise to any particular branch of issue, as children, sons or daughters, will be construed to refer to the issue before described, adds: 'It is well settled also that words importing a failure of issue (without the word such), following a devise to children in fee-simple or fee-tail, refer to the objects of that prior devise and not to issue at large.' 2 Jarman 372. The cases to which he refers

fully support his position": SHARSWOOD, J., in Daley v. Koons, 90 Pa. 246.   Among other of our own cases announcing the same rule there may be cited Sheets' Est., 52 Pa. 257, and Chambers v. Union Trust Company, 235 Pa. 610.

The devise of the farm was to the son Newton for life, with remainder to his children, if he should leave any living, not, however, to them by devolution or descent from him, but by devise directly from the testator; and if the son should leave no living children, the devise of the remainder was directly from the testator to his grandson Joseph Edgar.   The fee is in him: Kemp v. Reinhard, 228 Pa. 143.

The assignments of error are sustained, the judgment is reversed and is here entered for the plaintiff below.