## SHIRLOCK *v.* SHIRLOCK.

Under a conveyance to A. in trust for herself and her children, and their heirs and assigns; A., and her children then living, take as tenants in common in fee.

IN error from the Common Pleas of Juniata.

*June* 1. In 1838, Waldsmith and wife, by deed between themselves of the one part, and " Mary Shirlock, in trust for herself and her children of the other part," in consideration of $2250, " paid by said Mary," granted, &c., " unto the said Mary, in trust for herself and her children, and unto their heirs and assigns, all that," &c., " to have and to hold unto the said M. S. for herself and her children, their heirs and assigns, to the only proper use, &c., of the said M. S., in trust for herself and her children, their heirs and assigns."

Mary Shirlock was the daughter of the grantor, and wife of the defendant below. She died before this suit was brought, leaving ten children, of whom plaintiff was one, who were born at the date of the conveyance.

There was parol evidence that but a small portion of the purchase-money was paid, and that the grantor had intended the residue of the value of the estate as a gift. But the court below decided on the deed alone, and that under this, Mary Shirlock and her ten children took an estate in common in fee-simple, and that the plaintiff was entitled to one-eleventh; and the defendant to an estate by the curtesy in the wife's eleventh. This was the only error assigned.

In giving judgment, the court (HEPBURN, P. J.) said that the plaintiff's claim to one-tenth, founded on the construction giving a trust to the wife, and the fee to the children only, could not be supported. For if they claimed as *cestuis que trust* merely, their estate would determine with that of the trustee; for, in deeds, technical words of limitation are always essential; 1 Dall. 139 ; 3 Wash. C. C. R. 498 ; Prest. on Est. 65. But that all difficulty on this point was obviated by considering the words " their heirs" to refer to both Mary Shirlock and her children, and treating them all as grantees in the deed. Doe *v.* Martin, 4 Term Rep. 39, showed words in a deed might be transposed in this manner for the purpose of preserving an estate. In 3 Bulst. 128, Lord Coke says the word "heirs" need not be in any particular place in the deed, as in the case of a grant of a rent to A., and that he and his heirs

might distrain, which would pass the fee. In Co. Litt. 9 a, a grant to B. *et liberis suis et a lour heires*, the father and children took the fee jointly; which was directly in point with the present one. That the children were not parties to the deed, was an immaterial matter, since they were living at the time of the conveyance; Cro. Eliz. 121, 334; 1 Leo. 287.

*Fisher*, for plaintiff in error.—The deed vested an estate-tail in Mary Shirlock; 8 Bac. Abr. tit. *Tenant in Tail;* Fearne, 28, note 1, 34, 56. If no estate-tail was created, then, as the deed sets forth, that the whole consideration money was paid by Mary Shirlock, the payment was in law made by her husband William, the plaintiff, and a trust resulted to him to the amount of the purchase-money; 2 Fonb. Eq. book 2, c. 5, § 3. Mary Shirlock could not be a trustee for herself; Fearne, 59.

The consideration expressed in the deed was conclusive as to the payment of it, in the absence of fraud; Wilt *v.* Franklin, 1 Binn. 518. If these positions should be held not to be law; that as it was in evidence that William Shirlock, the plaintiff, had paid $265 of the consideration with his own money, a trust resulted to him to that extent, and that the court were bound to protect; Cecil *v.* Korbman, 1 Binn. 134; Story's Eq. sec. 1201, note 2, and sec. 1203; Fonb. Eq., ch. on *Trusts.* As possession was taken by the father, the plaintiff in error, it rebuts the presumption that he purchased for his children; Story's Eq., sec. 1203, note 2; 2 Mad. Ch. 116.

The legal estate was in plaintiff and wife; Stockwell *v.* Robinson, 1 Barr, 477.

*Parker* and *Reed*, contrà, contended that if there was any error committed in the court below, it was in favour of the plaintiff in error; and that he could not take advantage of it. The defendant below claimed as tenant by the curtesy. It was supposed, on the part of the plaintiff, that under the deed Mary Shirlock took an estate for life, with remainder to the children in fee-simple. The words in the *habendum* and *tenendum* designate the quantity of interest conveyed by the deed. The word *them* relates to children, the last antecedent. To the children and *their heirs;* not to Mary Shirlock and her children, and to her and their heirs. As to the children and their heirs, it is an executory trust; and, contemplating Mary Shirlock as trustee, heirs, or words of inheritance as to her, are not necessary. A trustee may take the legal estate for life, and the *cestui que trust* in fee-simple; 10 Johns. 494; Brack-

enridge on Trusts, 2, 12,14—18, (5 Am. Law Mag.); 2 Atk. 72. The children, in this aspect, would take by purchase, consequently there could be no estate by the curtesy. A husband can only have curtesy in lands, which his heirs by his wife might inherit; 3 Bos. & Pul. 653.

PER CURIAM.—There is no error in the record of which the defendant below can avail himself. Nor has the plaintiff ground to complain. True it is, that where a trust is created by will, a legal estate adequate to the purpose is to be implied; and had this trust not been created by deed, the life-estate given to the mother might have been sufficient to support the fee-simple trusts in favour of the children. In the interpretation of devises, to give effect to the general intent, the legal estate has often been extended by implication, and it has sometimes been supplied altogether; but as legal limitations are interpreted in equity as they are at law, such implications cannot be made when the estate has been created by deed; as was ruled in Wykham v. Wykham, 11 East, 458; and 18 Ves. 395. But the interpretation put on the deed was a sound one, and the plaintiff recovered exactly the proportion to which he was entitled.

Judgment affirmed.