## Seibert *versus* Wise.

1. No words in a will are to be rejected if any meaning can be assigned to them; they must be so construed as to carry out the testator's intention, if it can be done consistently with the rules of law; if not, those rules override the intention.

2. A devise was "to my two nephews, to John * * *, the one-half part of the above-mentioned farm to be taken off the east end; the other half to Jacob * * *, share and share alike to hold to themselves and their heirs, the survivors or survivor of them for ever." *Held*, 1. The words "survivors or survivor of them for ever," did not apply to "heirs:" 2. A survivorship between John and Jacob would be a devise over after a fee, and therefore could not stand as a remainder nor as an executory devise, being contrary to the rule against perpetuities. 3. The devisees took in severalty in fee.

3. Jacob at the time of the devise had no children or issue: if "heirs" could be construed "children," he took an estate tail:—which would be destroyed by a deed, made by Jacob, to bar the tail.

4. Cote *v.* Von Bonnhorst, 5 Wright 243; Taylor *v.* Taylor, 13 P. F. Smith 488, following Wild's Case, 6 Reports 17, recognised.

November 10th 1871. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Allegheny county*: No. 54, to October and November Term 1871.

This was an amicable action of debt in which there was a case stated, Jacob Wise being plaintiff, and Christian Seibert defendant: the agreement was filed November 22d 1870.

The following are the facts:—

Jacob Wise (the elder), by his will dated May 6th 1839, and proved September 30th 1841, devised as follows:

"I give and bequeath unto my wife Barbara, all my real estate, being the tract of land I now reside on, containing about one hundred and twenty acres, with all the buildings and improvements, so long as she lives and remains my widow; and after her decease and marriage, I will and bequeath my said real estate to

my two nephews, namely : to John Wise, son of my brother John, I give the one-half part of the above-mentioned farm, to be taken off the east end; the other half to my nephew Jacob Wise, son of David Wise, share and share alike, to hold to themselves and their heirs, the survivors or survivor of them for ever."

The widow of the testator died unmarried ; John Wise, one of the devisees, entered into possession of the east half of the land and still occupied it; he had issue two children. Jacob Wise, the other devisee, entered into possession of the other half and still occupied it; he had no issue.

On the 31st of August 1870, Jacob conveyed his part of the land to Daniel Wise, "for the purpose of barring and destroying any estate tail in possession, remainder or reversion which he had in the land."

On the 3d of September 1870, Jacob by articles agreed to sell and convey his part of the tract to Christian Seibert, the defendant, in fee, for $275 per acre, the deed to be delivered to the defendant on or before the 1st of October 1870 ; when the defend-' ant was to pay one-third of the purchase-money and to secure the remaining two-thirds by bond and mortgage on the premises.

On the 26th of September, Daniel Wise reconveyed his interest in the land to the plaintiff. Upon survey it was ascertained that the land contained 33 acres. The plaintiff executed and tendered to the defendant a deed which it was admitted would convey such title as was covenanted for in the articles, if the will gave the plaintiff a fee; but the defendant declined to accept the deed, because he alleged the plaintiff was not seised of a title in fee.

It was agreed that if in the opinion of the court the plaintiff was entitled to recover, judgment should be entered in his favor for $3025, otherwise judgment to be entered in favor of the defendant.

The court entered judgment for the plaintiff for $3025.

The defendant sued out a writ of error and assigned the entering of the judgment for error.

*White & Slagle,* for plaintiff in error, cited Braden *v.* Cannon, 12 Harris 168.

*John Mellon,* for defendant in error, cited as to the estate by the devise : Seely *v.* Seely, 8 Wright 434 ; Wall *v.* Maguire, 12 Harris 248 ; Naglee's Appeal, 9 Casey 89. If an executory devise or contingent remainder, it was cut off by the deed to bar the entail : Linn *v.* Alexander, 9 P. F. Smith 43.

The opinion of the court was delivered, November 16th 1871, by SHARSWOOD, J.—We have before us in the will of Jacob Wise another illustration of the remark of Lord Mansfield in Doe *v.*

Fyldes, Cowp. 834. " It is plain that the testatrix at the time of making her will had legal assistance, but it was such assistance as served only to confound, by making her use all the drag-net words of conveyancing without knowing the force of them." By the introduction without sense or meaning of the words " survivors or survivor of them," copied probably from some form book, what in the intention of the testator was a very simple and intelligible disposition of his property, 'has been rendered confused and given rise to this controversy. Words indeed are not to be rejected, if any meaning can be assigned to them, and we must endeavor to give such a construction to this will as will carry out the intent of the testator if it can be done consistently with the rules of law; if it cannot, it must yield to those rules which override his intention, if they cannot stand together.

One thing is too clear for argument—that Jacob Wise, by his will, devised his real estate, consisting of the tract of land upon which he lived, to his two nephews John and Jacob, not as tenants in common, but to each one-half in severalty; one-half to John to be taken off the east end, and the other half to Jacob. When he says " share and share alike," that can only mean that the division shall be equal, though these words are unnecessary and out of place. The added clause " to hold to themselves and their heirs," by reference to the terms of the devise going before, could only mean " each half in severalty to each nephew to hold to him and his heirs." This would vest beyond all question a fee simple in each nephew in his several moiety.

What then is the effect of the words which follow: the survivors or survivor of them for ever?" If we give the word " heirs" its technical sense, as we are bound by every principle of construction to do, unless there is unequivocal evidence of a contrary intention, these words cannot be applied to the word " heirs." They are entirely insensible in such an application. There can be no survivorship among heirs. Though he uses the word " survivors" in the plural, he could only have meant survivorship between his nephews John and Jacob. But this would be a devise over after a fee—which could not stand as a remainder, because contrary to the rule of law that no remainder can be limited after a fee, nor as an executory devise because contrary to the rule against perpetuities. This would seem to be the most natural and reasonable solution of the difficulty arising upon the construction of this will.

But suppose we admit the contention of the plaintiff in error that the word " heirs" by the mere force of these words " survivors or survivor of them" is here to be construed to mean " children"—the only result would be to reduce the estate of Jacob to an estate tail. There is no estate for life given to him, either expressly or by implication. It is an immediate devise to

[Seibert *v.* Wise.]

him and his children, he having, as the case finds, no children at the time of the devise, nor since. It falls then directly within the resolution in Wild's case, 6 Rep. 17, which was, " if A. devise his land to B. and to his children or issue, and he has no issue at the time of the devise, that this is an estate tail; for the intent of the devisor is manifest and certain that his children or issue shall take, and as immediate devisees they cannot take, because they are not *in rerum natura*, and by way of remainder they shall not take, for this was not his intent, for the gift is immediate; wherefore such words shall be taken as words of limitation." Wild's case has been recognised and followed as sound law by our own decisions: Cote *v.* Von Bonnhorst, 5 Wright 251; Taylor *v.* Taylor, 13 P. F. Smith 488. If then by this devise an estate tail was vested in Jacob, the devise over to the survivors or survivor, whether it be considered as a remainder or an executory devise, was destroyed by his deed of August 31st 1870, to Daniel Wise for the purpose of barring the entail.

Judgment affirmed.