# A. L. Oyster, Emma J. Oyster and Margaretta Oyster v. Abram Orris, Appellant.

*Will—Construction—Estate in fee simple, life or fee tail.*

Testator devised to his widow, for life, a house and lot " for her use and home of our children, . . . . who I desire shall keep their homes with their mother until they are raised and educated; " and in a subsequent item of the will devised to A. " 84 acres of land . . . . being Oyster's mill . . . . also a house and lot . . . . carpenter shop and stable . . . . 160 acres of land in . . . . Illinois . . . . 160 acres . . . . Missouri, and twenty shares in Harrisburg Bank, and ten shares Harrisburg Bridge stock," and provided further, as follows: " I desire that after the death of his mother, if any of my children having been living and their homes with her, they shall continue same their home; finally, this property to remain Albert Lincoln for his use and that for his children." *Held*, that the last clause of the last item refers exclusively to the house and lot devised for life to the widow.

Argued April 26, 1899. Appeal, No. 138, Jan. T., 1899, by defendant, from judgment of C. P. Cumberland Co., May T., 1899, No. 40, on case stated in favor of plaintiffs. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Case stated. Before E. W. BIDDLE, P. J.

It appeared from the case stated that on August 21, 1897,

plaintiffs entered into an article of agreement with defendant, to convey with covenant of general warranty, in fee simple, to defendant, his heirs and assigns, part of that tract of land containing eighty-four acres, known as the Oyster mill tract, referred to in item No. 6 of the will of Simon Oyster. In consideration of which defendant agreed to pay to the grantors the sum of $4,250, in manner following: $1,250 within three days after the signing of said agreement, and $3,000, the full balance, on April 1, 1898, when deeds for the property and possession were to be given.

Defendant paid $1,250 on the said agreement in three days after the signing thereof, leaving $3,000 to be paid on the execution and delivery of deed and possession of property.

Possession of said property was given the defendant on April 1, 1898, and plaintiffs tendered him on April 1, 1898, a deed, as provided for by said agreement. Defendant refused to accept said deed and to pay the said sum of $3,000, because, he insisted, that the said A. L. Oyster, under the will of Simon Oyster, took only a life estate in said tract of land, and that the plaintiffs did not tender him a deed such as is provided for by said articles of agreement.

Other facts appear in the opinion of the court below as follows:

Simon Oyster, of the city of Harrisburg, died on March 29, 1867, leaving a widow and five children, and a last will and testament, dated June 14, 1865, which was duly proved one week after his death, the opening paragraph of which contains the following provision:

" I give and bequeath unto my wife, Margaretta Oyster, the brick house and half lot of ground, 22 feet front, Pine street, running back 140 feet; have garden and fruit where we now live, for her use and home of our children Simon, Ellen, Napoleon and Albert Lincoln, who I desire shall keep their homes with their mother until they are raised and educated, if she shall so long live, for their support, with so much furniture as she may need in house, and payment of five hundred dollars annually, with fruit and potatoes of farms as she may want for her use of my children, who I desire shall each have good education, and wheat of different farms while she remains my widow, and when she marrieth again revert back all to my heirs."

The material part of the final paragraph is as follows :

" 6th And I lastly give and bequeath unto Albert Lincoln Oyster eighty-four acres of land with grist and saw mills, with all improvements, being Oyster's Mill, in East Pennsboro, county of Cumberland; also three story brick house No. 1, in South street, and lot of ground, carpenter shop and stables erected opposite side South street, Harrisburg, with quarter section 160 acres land in Warren county, Illinois, I received of my father, and 160 acres land, Lewis county, Missouri, and twenty shares in Harrisburg Bank, and ten shares Harrisburg Bridge stock; and further, I desire that after the death of his mother, if any of my children having been living and their homes with her, they shall continue same their home; finally, this property to remain Albert Lincoln for his use and that for his children. . . . . I desire that my children should each have good education and board home with their mother. All interest due me and rents and other income shall go into fund for support of family, and all expenses for their children education and clothing, etc., to be taken out said income    I would request my executors nor neither of my heirs not to dispose of my farms, as before stated, farm to Simon and Napoleon, nor city property in Pine street, Harrisburg, and as such I desire that this as my last will and testament may be received, request that these witnesses may prove same, and would wish no change made by either heir in law to same."

It is admitted that Albert Lincoln Oyster had no children either at the date of the execution of the will aforesaid, or at the time of its probate, and the sole question for solution is whether he was given a fee simple title to the Oyster's mill tract, containing eighty-four acres, or merely a life estate therein.

The first portion of paragraph 6, viz : " And lastly give and bequeath unto Albert Lincoln Oyster eighty-four acres of land, with grist and saw mills, with all improvements, being Oyster's Mill, in East Pennsboro, county of Cumberland," clearly vests in him an estate of inheritance, unless it appears in the will by a devise over or otherwise that the testator meant to give a less estate. After a careful examination of the whole instrument we find nothing indicative of such an intent, and we have no hesitation in concluding that the later clause in the same paragraph, " I desire that after the death of his mother, if any of

my children having been living and their homes with her, they shall continue same their home ; finally, this property to remain Albert Lincoln for his use and that for his children," refers exclusively to the Pine street residence, which was devised to the wife during life or widowhood as a family home.

Yet even if that clause were broad enough to embrace the property now in controversy, the final result would be the same, for, under the principle laid down in Wild's Case, 6 Rep. 17, the parent would in such an event take a fee tail, which by our statute is converted into a fee simple. It is ruled in said case that a devise of real estate to A. and his children, A. having no children at the time of the devise, vests in him an estate tail. See also 3 Jarman on Wills, 174, Hawkins on Wills, 198, and 29 Am. & Eng. Ency. of Law, 434. The doctrine there laid down is recognized and approved in Pennsylvania : Seibert v. Wise, 70 Pa. 147.

And now, March 7, 1899, in conformity with the foregoing opinion, it is ordered, that judgment be entered on the case stated in favor of plaintiffs for the sum of $3,000, with interest from April 1, 1898.

Judgment for plaintiffs for $3,000. Defendant appealed.

*Errors assigned* were (1) in holding that Albert Lincoln Oyster took an estate in fee simple under the will of his father, Simon Oyster; (2) in entering judgment on the case stated in favor of plaintiffs.

*J. E. Barnitz*, for appellant.—At the time of the death of testator, his children, Simon, Ellen, Napoleon and Albert Lincoln were unmarried, which was the reason for providing the home on Pine street, Harrisburg, for the family, " until they are raised and educated." To his son, Simon Washington Oyster, testator made a devise, which was held in Oyster v. Oyster, 100 Pa. 538, to be but a life estate in the land. To his son Napoleon K. Oyster, testator made a devise, which in Oyster v. Knull, 137 Pa. 448, was held to be but a life estate. Thus, as to two of the devises of farms to his children, in each instance, the intent of the testator governed, in that it was decided that the devisees took only a life estate. There is no possible reason why a distinction should be made between testator's infant

children, and when he states that this property should remain Albert Lincoln's and that of his children, he could not intend otherwise than that it should apply to the farm in contention, as it was held to apply in the cases cited.

The will should be construed as a whole, and to say that the words, "finally, this property to remain Albert Lincoln for his use and that of his children," do not apply to the farm in question is entirely too narrow a construction, and not in accord with the very evident general intent of testator.

Construing the will as a whole cannot lead to any other conclusion than that testator intended to give Albert Lincoln Oyster the same estate he gave to his sons, Simon and Napoleon, to wit: a life estate.

The evident intent was to equalize his children in a general way, and such intent must be gathered from all parts of the will.

Cote v. Von Bonnhorst, 41 Pa. 243, settles every contention in the point involved in this appeal, and it should be determined that Albert Lincoln Oyster took but a life estate and not a fee in the land which is the subject of dispute.

*S. M. Leidich*, for appellee.—Referring to "the four corners of the will," it is plain that the devisor intended the devise of the Oyster mill property, containing eighty-four acres, to his son, Albert Lincoln Oyster, to be in fee simple. If, however, the court should conclude that the words, "finally, this property to remain Albert Lincoln for his use and that for his children," apply to the Oyster mill property, the said bequest in law is a fee tail, which, under our statutes, becomes a fee simple.

It was a devise to Albert Lincoln and his children, and under the ruling in Wild's Case, 6 Coke Rep. 16; 3 Jarman on Wills, 174, "the parent takes a fee tail," and therefore under our statute a fee simple. There is no doubt that had children been in existence, the parent would have taken a life estate: Hague v. Hague, 161 Pa. 643.

The devise of this property to remain Albert Lincoln's for his use carried a fee.

The limitation to A. and his issue, there being no issue in esse at the time the limitation takes effect, in the absence of express indications or unequivocal contrary intent, gives an estate tail.

OPINION BY FELL, J., May 23, 1899:

The question presented by the case stated is whether the plaintiff took under his father's will a fee simple, or a life estate merely, in a tract of eighty acres. This will has been a prolific source of litigation, and is now before this Court for the third time. The third clause of the will was construed in Oyster v. Oyster, 100 Pa. 538, and the fourth in Oyster v. Knull, 137 Pa. 448. In each of these cases it was held that the word "children" as used by the testator was a word of purchase and not of limitation, and that the devisees under these clauses of the will took life estates only.

The devise in the sixth clause, under which the plaintiff claims, differs very materially from the devises in the third and fourth clauses. The intention of the testator to give to Albert Lincoln Oyster an estate in fee in the Oyster's mill tract is very clear, unless the restriction "finally, this property to remain Albert Lincoln for his own use and that of his children" applies to it. When the whole will is considered we think it apparent that this restriction applies only to the Pine street property mentioned in the first clause of the will, which the testator intended as a home for his widow and children. The disposition made of the Pine street property by the first clause is for the life of Margaret Oyster, or as long as she shall remain his widow. There is no devise of the remainder. By the sixth clause the Oyster's mill property, a store in Harrisburg, and lands in Illinois and Missouri are devised to Albert Lincoln Oyster absolutely. The testator then devised the Pine street property, after the death of his widow, and after it should no longer be used as a home for her children, to Albert Lincoln and his children. The devises to the other sons are for their support, and it is these properties, the farms devised to Simon and Napoleon and the Pine street property, that the executors are directed not to sell.

We see no reason to doubt the correctness of the construction given by the learned judge, and the judgment is therefore affirmed.