## Chambers, Appellant v. Union Trust Company.

*Wills—Construction—Life estate—Rule in Shelley's case—Rule in Wild's case.*

Testator directed as follows: "I give and devise my farm (devised by my father to me) to my nephew, (naming him) and to his children; but in case he should die without legal issue then it is to go to the heirs of my father as directed by the intestate laws of Pennsylvania." The nephew was without children at testator's death, and subsequently died without leaving children to survive him. Held, (1) that the gift to the nephew and his children was tantamount to a gift to the nephew for life with remainder to his children; (2) that the word "children" was not to be given any larger meaning by the subsequent use of the words "legal issue;" (3) that neither the rule in Wild's Case, 6 Coke, 16b; nor the rule in Shelley's Case, had any application to the devise, and (4) that upon the death of the nephew without children the devise vested in the heirs of testator's father in fee as an alternative limitation.

Argued Feb. 7, 1912. Appeal, No. 306, Jan. T., 1911, by plaintiffs, from judgment of C. P. Bucks Co., May T., 1910, No. 6, for defendants on case stated in suit of Hannan H. B. Chambers et al., suing for themselves and the heirs of William Barnsley, deceased v. Union Trust Company of Pittsburg, Guardian of George T. Barnsley, Jr., a minor and Susa G. J. Barnsley. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Ejectment for real estate in Warminster township.

Case stated to determine title to real estate.

The facts are stated in the opinion of the Supreme Court.

The court in an opinion by STAPLES, P. J., specially presiding entered judgment for defendants on case stated.

*Error assigned* was in entering judgment for defendants on case stated.

*John G. Johnson, Yerkes, Ross & Ross* and *R. O. Moon,* for appellants.—Under the settled decisions of this court, the devise "to my nephew Joseph Barnsley and to his children," is identical with one "to my nephew Joseph Barnsley for life with remainder to his children in fee simple:" Shirlock v. Shirlock, 5 Pa. 367; Hague v. Hague, 161 Pa. 643; Crawford v. Forest Oil Co., 208 Pa. 5; Elliott v. Diamond Coal & Coke Co., 230 Pa. 423.

The rule in Wild's case has no application in Pennsylvania, in a devise like that of Joseph Barnsley, even though there are no children in existence at the death of the testator, because the reason upon which it rests, fails under the different interpretation of such a devise in Pennsylvania: Seibert v. Wise, 70 Pa. 147; Cote v. Von Bonnhorst, 41 Pa. 243; Taylor v. Taylor, 63 Pa. 481.

The word "children" being a word of limitation and there being a vested remainder in children born before the death of Joseph Barnsley, as they are born, the words "in case he should die without legal issue" are under the decisions, to be interpreted as referring to a definite failure of issue: Sheets' Est., 52 Pa. 257; Powell v. Board of Domestic Missions, 49 Pa. 46; Fetrow's Est., 58 Pa. 424; Daley v. Koons, 90 Pa. 246; Beckley v. Riegert, 212 Pa. 91; West v. Vernon, 215 Pa. 545.

*Montgomery Evans,* with him *John M. Dettra* and *J. S. Christy,* for appellees.—The appellees contend: That by

the devise to Joseph Barnsley and to his children, but in default of issue, then over, the testator intended the estate to descend through the lineal descendants of the first taker until they became extinct and the rule in Shelley's case applies, and that Joseph Barnsley, devisee, took an estate tail, enlarged by the Act of April 27, 1855, P. L. 368: Stoner v. Wunderlich, 198 Pa. 158; Grimes v. Shirk, 169 Pa. 74; Pifer v. Locke, 205 Pa. 616; Campbell's Estate, 202 Pa. 459; Hollowell v. Phipps, 2 Wharton, 376; Haldeman v. Haldeman, 40 Pa. 29; Vilsack's Estate, 207 Pa. 611; Beilstein v. Beilstein, 194 Pa. 152; Dilworth v. Schuylkill Imp. Land Co., 219 Pa. 527.

The rule in Wild's case applies: Graham v. Flower, 13 S. & R. 439; Sholfield v. Zehmer, 6 Watts 101; Ellet v. Paxson, 2 W. & S. 418; Cote v. Von Bonnhorst, 41 Pa. 243; Coursey v. Davis, 46 Pa. 25; Taylor v. Taylor, 63 Pa. 481; Seibert v. Wise, 70 Pa. 147; Wolford v. Morgenthal, 91 Pa. 30; Kennedy v. Humes, 15 W. N. C. 508; Braden v. Cannon, 24 Pa. 168; Cressler's Est., 161 Pa. 427.

"Death without issue," etc., means death of the first taker before that of the testator and if the first taker survives the testator, he takes an indefeasible estate: Hogg's Estate, 27 Pa. Superior Ct., 428; Mickley's App., 92 Pa. 514; King v. Frick, 135 Pa. 575.

OPINION BY MR. JUSTICE MOSCHZISKER, April 8, 1912:

The matter here for decision is the question of the proper interpretation of the following provision contained in the will of Joseph Barnsley: "Item. I give and devise my farm (devised by my father to me) to my nephew, Joseph Barnsley and to his children; but in case he should die without legal issue, then it is to go to the heirs of my father, as directed by the intestate laws of Pennsylvania; subject, nevertheless, to the yearly payment of one hundred dollars to my sister, Mary Ann Barnsley, during her life."

The testator died January 12, 1888. Mary Ann Barnsley, the annuitant, died January 16, 1889. Joseph

Barnsley, the devisee, entered into possession of the farm in the year 1888 and retained the same until October 11, 1909, when he died unmarried and without children, no issue ever having been born to him. He left a will in which he devised all of his property. The plaintiffs claim as the heirs of William Barnsley who was the father of the testator, and the defendants under this will of the testator's nephew and devisee. In a well stated opinion, after reviewing various authorities, the learned Court below determined the case thus: "Invoking either the rule in Shelley's case, or the rule in Wild's Case, we are of the opinion that the word 'children' was a synonym for 'heirs of his body,' and that the devise being 'immediate' and there being no children to take, the farm was devised in tail and this is enlarged by the Act of April 27, 1855, P. L. 368, into an estate in fee. * * * In accordance with the foregoing reasons * * * , judgment is entered for the defendant for the whole of the above described property." The plaintiffs have appealed.

In Graham v. Flower, 13 S. & R. 439, it is stated: "In Wild's Case, 6 Coke, 16b, this distinction is taken: (1) 'If A. devises land to B and to his children or issues, and he hath not any issue at the time of the devise, the same is an estate-tail, for the intent is manifest and certain, that his children or issue should take, and as immediate devisees they cannot take, because they are not in rerum natura, and by way of remainder they cannot take, for that was not his intent, for the gift is immediate; therefore, then, such words shall be taken as words of limitation. (2) But if a man devises land to A and to his children or issue, and he then has issue, his express intent may take effect, according to the rule of the common law, and no manifest and certain intent appears to the contrary; and therefore, in such case, they shall have but a joint-estate for life.'" In the case just cited, and in Shirlock v. Shirlock, 5 Pa. 367, the second resolution of the rule was followed, and it was

decided that living childen take immediately with their parent. The resolutions are mentioned in Ellet v. Paxson, 2 W. & S., 418, 434; Cote v. Von Bonnhorst, 41 Pa. 243, 251; Myers's Appeal, 49 Pa. 111, 114; Taylor v. Taylor, 63 Pa. 481, 488; Seibert v. Wise, 70 Pa. 147, 150; Cressler's Estate, 161 Pa. 427, 434; Oyster v. Orris, 191 Pa. 606, 609; but in none of these cases does the decision rest upon the rule in question. In Coursey v. Davis, 46 Pa. 25, we decided that a grant to a woman and her children vested in her a life-estate with remainder in fee to the children as a class, so that those in being at the date of the deed, as well as those subsequently born, would be entitled to take in the distribution, on the termination of the life estate at the death of the mother. In Hague v. Hague, 161 Pa. 643, we determined a gift to "Sarah Jane Hague and her children" to be a life-estate in the mother with remainder in fee to the children as a class; thus in effect overruling the earlier cases which held the mother and children to be tenants in common, and expressly announcing that Shirlock v. Shirlock, supra, "cannot now be regarded as authority." In Crawford v. Forest Oil Co., 208 Pa. 5, a devise to a son "and to his children" was construed to vest a life estate in the former and an estate in remainder in the children living at the testator's death, subject to open and let in after-born children. In Elliott v. Diamond Coal and Coke Co., 230 Pa. 423, a devise to a daughter "To have and to hold unto my said daughter and her children forever" was held to vest an estate for life in the daughter, remainder in fee to the children as a class. Finally, In Vaughan's Estate, 230 Pa. 554, a life-estate was given to a wife, at her death one-third of the property was given to a trustee to hold for a daughter, "for her and her children's sole use and benefit;" held, that the daughter took a life-estate with remainder to her children in fee.

In all of the cases just referred to children were liv-

ing at the death of the testator, so we may take it as firmly established that the second resolution in Wild's case is not the law in Pennsylvania. But the question arises, does the first resolution apply when there are no children? Although several of the cases to which we have already referred apparently indicate that this court has recognized the first resolution, yet in none of them have we had occasion actually to apply it in order to rule the matter before us for decision. In fact, this appears to be the first instance where a case has been presented without children in being to take. After an exhaustive examination of the authorities and much thought, we are brought to the conclusion that the resolution does not control under such circumstances, for the reason upon which it rests fails because of the different interpretation which we place upon a devise to a parent and children. Under the second resolution in Wild's case, as applied in England and originally accepted in Pennsylvania, it was held that such a devise gave the parent and children a joint estate, the children taking immediately and not in remainder. The theory was that, if there were no children in existence at the time of the devise the provision in their favor would fail altogether, unless the parent were given a fee-tail; hence, and for that reason alone, the first resolution. But with us, where the children take in remainder, it is immaterial whether they are, or are not, in existence at the time of the devise or at the time of the death of the testator: Cote v. Von Bonnhorst, 41 Pa. 243, 251; Curtis v. Longstreth, 44 Pa. 297, 303; Taylor v. Taylor, 63 Pa. 481, 488; therefore it is not necessary to give an artificial meaning to the devise in order to care for the interests of the children, and there is no apparent reason for adhering to the first resolution in Wild's case. In Cote v. Von Bonnhorst, supra, where the devise was to a daughter "to have and to hold to her for and during the term of her natural life and at and immediately after her decease,   *   *   *

to her children in fee; but if she should die without having children," then over, we held that the daughter took but an estate for life, and after refusing to treat the word "children" as a word of limitation, and referring to the rule in Wild's case, STRONG, J., said (p. 252): "Where a limitation is to a parent for life, and to his children by way of remainder, there seems to be no ground, whether there are children or not, for holding the parent to be a tenant in tail," and (p. 251), "the reason ceases entirely when the gift to the children instead of being immediate is by way of remainder."

We shall now consider the applicability of the rule in Shelley's case. In the present instance, as in all other cases, our first inquiry is, looking at the words of the will, what did the testator intend? We entertain no doubt that when Joseph Barnsley devised the farm to "my nephew and to his children," and provided if the nephew should die without legal issue it was to go to the heirs of his, the testator's father, he did not at all contemplate that, if the nephew should leave no descendants his heirs should take to the exclusion of the heirs of the testator's father. Yet, if the words used express an intention that the land shall go to the testator's nephew and then descend lineally through him to his issue, the rule in Shelley's case applies and the Court below must be affirmed on that theory. But on the other hand, if the words show that the testator intended the children of his nephew to take as purchaser's directly from him, the testator, then the rule in Shelley's case has no application: Kemp v. Reinhard, 228 Pa. 143.

Under the settled decisions of this Court, the language employed by the testator, "to my nephew and to his children" was tantamount to saying, "to my nephew for life with remainder to his children." The only question is, does the use of the phrase "in case he should die without legal issue," make it necessary to construe the prior use of the word "children" as though

it were "issue," which would mean an indefinite failure of issue, thus creating an estate tail and bringing the devise within the rule in Shelley's case? We think not. "Children" is prima facie a word of purchase and not of limitation, and we are convinced that the present testator intended so to use it. Moreover there is no necessity for giving the word an enlarged meaning, for here, under the devise as framed, the estate would vest in the children of the nephew as a class immediately upon any of them coming into existence before his death and there could, therefore, be no possibiliy of an exclusion of descendants. As to the phrase "without issue," "there is less reluctance to narrow the prima facie meaning of the word 'issue' than of" other words; that word may be "applied only to children:" Taylor v. Taylor, 63 Pa. 481, 483. "It is an unbending rule that when a fee-simple * * * is given in remainder after an estate for life to the children of a first-taker, words following containing a limitation over on default of his issue are held not to raise an estate-tail by implication. In this class of cases 'issue' is construed to mean 'such issue;' that is, children:" Sheets' Estate, 52 Pa. 257, 268; Curtis v. Longstreth, 44 Pa. 297, 302-3. "It is well settled also that words importing a failure of issue without the word 'such,' following a devise to children in fee-simple or fee-tail, refer to the objects of that prior devise and not to the issue at large:" Daley v. Koons, 90 Pa. 246, 249. The present case falls within these authorities and the words of the devise, "legal issue," should have been construed to mean, "such children," and to import a definite failure of issue.

Since the nephew was dead, without issue, the devise over to the heirs of William Barnsley, the father of the testator, would take effect as an alternative limitation: Sheets' Estate, 52 Pa. 257; Fetrow's Estate, 58 Pa. 424, and the Court below should have determined this case accordingly. The assignments of error are

sustained, the judgment for the defendants is reversed and judgment is here entered for the plaintiffs.