# Whiteley's Estate.

*Wills—Construction—Trusts and trustees—Active trust—Rule in Shelley's Case—Child—Issue.*

1. The words "child" and "children" are presumptively words of purchase and not of limitation.

2. An estate given in trust for the use of one for life and then over to his children in fee, creates but a life estate in the first taker, which is not changed by a provision that if the life tenant dies without children or issue him surviving, the estate is to vest in other relatives of the testator.

3. Where testator does not give an estate to his son and his children, but in one clause gives the estate to his son for life, and in a subsequent clause to the son's children in remainder, there is a manifest intention to limit the interest to the son for life.

4. In such case, as the son's interest is equitable, and that of the remaindermen legal, there is no blending, and the rule in Shelley's Case does not apply.

5. Where the residue of the estate is given to the son for life, with remainder over, and this is followed by a direction to the

executor to hold it in trust, and to pay thereout $10,000 to the son when he reaches the age of forty years, the trust is an active one to protect the estate both for the son and the remainderman.

Argued February 7, 1922. Appeal, No. 273, Jan. T., 1922, by William H. Whiteley, Jr., from decree of O. C. Delaware Co., Dismissing petition for termination of trust, in estate of William H. Whiteley, deceased. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for termination of trust. Before HANNUM, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Wm. H. Whiteley, Jr., petitioner, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Reynolds D. Brown,* for appellant, cited: Kay v. Scates, 37 Pa. 31; Kuhn v. Newman, 26 Pa. 227; Carson v. Fuhs, 131 Pa. 256; Physick's App., 50 Pa. 128; Yarnall's App., 70 Pa. 335; Ogden's App., 70 Pa. 501; Wilson v. Heilman, 219 Pa. 237; Marsh v. Platt, 221 Pa. 431; Pifer v. Locke, 205 Pa. 616; McKee v. McKinley, 33 Pa. 92.

*George T. Butler* and *Townsend, Elliott & Munson,* for appellee, were not heard.

PER CURIAM, March 20, 1922:

William H. Whiteley, late of Delaware County, died in 1917, and his last will, after giving a cash legacy of $5,000 to his only child, William H. Whiteley, Jr., provides: "Item. I give devise and bequeath unto my son [William H. Whiteley, Jr.] all the income from and derived from all the rest residue and remainder of my estate during his natural life. Item. I give devise and

bequeath unto my hereinafter named executors all the rest residue and remainder of my estate in trust nevertheless for the purpose of carrying the provisions of the trust in before provided for the benefit of my son William H. Whiteley, Jr. Item. I give devise and bequeath unto my son aforesaid the sum of ten thousand dollars payable to him when he reaches the age of forty years. Item. Upon the death of my son it is my wish and desire that the principal of the trust estate shall be distributed as follows: I give devise and bequeath unto the child or children of my son all the principal of the trust estate aforesaid share and share alike. If however my son should die without issue surviving him or born unto him after his death then I give devise and bequeath unto my legal family and descendants all the principal sum aforesaid as provided by the intestate laws of Pennsylvania."

This appeal is from an order of the orphans' court dismissing the son's petition for a termination of the trust; which petition was based on the contention that petitioner is absolute owner of the estate. This was an erroneous contention, for so far as relates to the residuary estate, nothing is given the son but the income thereof for life (except the $10,000); while at his death the corpus is given directly to his children, who take as purchasers from the testator and not as heirs of their father. The words "child" and "children" are presumptively words of purchase and not of limitation (Chambers v. Union Trust Co., 235 Pa. 610; Pifer v. Locke, 205 Pa. 616) and there is nothing here to overcome that presumption, but much to strengthen it. This is the usual case of an estate given in trust for the use of one for life and then over to his children in fee, which we have often held creates but a life estate in the first taker, which is not changed by the provision that, if the life tenant dies without leaving children or issue him surviving, the estate is to vest in other relatives of testator: Daley v. Koons, 90 Pa. 246; Kemp v. Reinhard, 228 Pa. 143;

Livezey's App., 106 Pa. 201. It will also be observed that the gift here is not to appellant and his children, but to appellant for life and in a subsequent clause to his children in remainder; this emphasizes the intent to limit the interest of the first taker to a life estate: Cote v. Van Bonnhorst, 41 Pa. 243; Curtis et al. v. Longstreth, 44 Pa. 297. Where, as here, the intent clearly appears to carry the corpus or principal over to others, the words of the will must be permitted to have their proper force: Bechtel, Exr., v. Fetter, 267 Pa. 173. Moreover, appellant's interest being equitable and that of the remaindermen legal, there is no blending; the former takes but a life interest and the rule in Shelley's Case has no application: Eshbach's Est., 197 Pa. 153.

The trustees are invested with the legal title for the express purposes of carrying out the provisions of the trust; to do so they must preserve the property and keep it in a productive state, so as to yield the income to which the son is entitled; this means to keep the fund invested and reinvested and the real property tenantable, also to keep the corpus of the estate out of the son's possession, so he may receive the income, and the $10,000 when forty years of age, and further to preserve the balance of the principal for those in remainder. These duties clearly render the trust an active one (Deniston v. Deniston, 263 Pa. 224; Gourley's Est., 238 Pa. 62; Mooney's Est., 205 Pa. 418; Knight's Est., 235 Pa. 149; Wolfinger v. Fell, 195 Pa. 12; Kuntzleman's Est., 136 Pa. 142; Stambaugh's Est., 135 Pa. 585) and the orphans' court properly so held.

The order is affirmed at the costs of appellant.