## Wurts et al. v. Reily.

*Snyder, Miller & Hull,* for plaintiffs; *John T. Brady,* for defendant.

Fox, J., March 11, 1929.—This matter comes before us upon a bill and answer.

The bill, in substance, avers that the plaintiffs, Elizabeth Wister Wurts, Sarah Logan Wister Starr and Margaret Wister Meigs, are, and at the time of the death of the testatrix became, the owners in fee simple of an undivided one-half interest in two tracts of land, with buildings thereon erected, situate in the City of Harrisburg, being known as Nos. 902 and 904 North Second Street; that plaintiffs, C. Stewart Wurts, James Starr and Edward B. Meigs, are the respective husbands of Elizabeth Wister Wurts, Sarah Logan Wister Starr and Margaret Wister Meigs; that the defendant, Helen Boas Reily, is, and at the time of the death of the testatrix was, the owner in fee simple of the other undivided one-half interest in the said tracts of land; that on or about Feb. 15, 1928, the plaintiffs entered into an agreement in writing with the defendant, whereby the plaintiffs agreed to convey to the defendant their undivided one-half interest in the premises No. 902 North Second Street, Harrisburg, Pa., and the defendant agreed to convey to the plaintiffs her undivided one-half interest in the adjoining premises, No. 904 North Second Street, Harrisburg, Pa., a copy of which agreement is attached to and made a part of the bill of complaint and marked Exhibit "A;" that on or about April 25, 1928, the plaintiffs made tender to the defendant of a deed purporting to convey an undivided one-half interest in No. 902 North Second Street, and requested in exchange from the defendant a deed for an undivided one-half interest in No. 904 North Second Street; that, notwithstanding this tender and request, the defendant has refused to receive the deed tendered by the plaintiffs and to make and deliver to them a deed for an undivided one-half interest in No. 904 North Second Street, the plaintiffs contending that the title tendered by them to the said undivided one-half interest in No. 902 North Second Street is a good and marketable title in fee simple and is such a title as the plaintiffs are called upon to convey by the terms of said agreement. They pray: "(a) That the defendant be required to execute and deliver to the plaintiffs, Elizabeth Wister Wurts, Sarah Logan Wister Starr and Margaret Wister Meigs, a deed in the usual form for an undivided one-half interest in the premises No. 904 North Second Street in exchange for a deed executed by the plaintiffs for their undivided one-half interest in No. 902 North Second Street aforesaid; (b) that the defendant be enjoined during the pendency of these proceedings from conveying, or attempting to convey, her undivided one-half interest in the premises No. 904 North Second Street to any one other than the plaintiffs; (c) for such other and further relief as to your Honorable Court may seem just and proper."

The answer filed by the defendant, in substance, admits the averments in the bill of complaint, except that it denies that the deed for an undivided one-half interest in property No. 902 North Second Street as tendered by the plaintiffs and refused by defendant was a performance of the obligation of plaintiffs under the said agreement of sale to convey a good and marketable title in fee simple, and because of plaintiffs' failure to offer a deed conveying a good and marketable title in fee simple for said premises, she, the defendant, refuses to accept the deed tendered by plaintiffs and to give in exchange a deed for her undivided one-half interest in property No. 904 North Second Street; the defendant avers that the title tendered by the plaintiffs to their alleged undivided one-half interest in property No. 902 North Second Street is not a good and marketable title in fee simple, for the reason that Sarah Tyler Wister, mother of the said plaintiffs, Elizabeth Wister Wurts, Sarah Logan Wister Starr and Margaret Wister Meigs, died March 22, 1922, having first made her last will and testament, dated July 12, 1903, whereby the said testatrix, after directing the payment of her just debts and funeral expenses and

payment of a bequest of $1000 to her niece, Sarah Wister Boas, provided as follows: "The residue or remainder of my estate or property, real and personal, without inventory, I will and bequeath equally divided between my three daughters, Elizabeth Wister Wurts, Sarah Logan Wister Starr and Margaret Wister and to their children. Should either of them die without issue or children, her share shall go to her sisters or sister, share and share alike," that the plaintiffs, Elizabeth Wister Wurts, Sarah Logan Wister Starr and Margaret Wister Meigs, are the beneficiaries named in the said will of Sarah Tyler Wister, the said Margaret Wister having married Edward B. Meigs after the execution of said will, and that under the said residuary devise, the said Elizabeth Wister Wurts, Sarah Logan Wister Starr and Margaret Wister Meigs, the plaintiffs, took but a life estate in the said undivided one-half interest in property No. 902 North Second Street by the will of their mother, the said Sarah Tyler Wister, with remainder over to their children, and that as to such remainder the said plaintiffs cannot convey title in fee simple.

We, therefore, have for our consideration and determination the one question, viz., what estate did the plaintiffs, Elizabeth Wister Wurts, Sarah Logan Wister Starr and Margaret Wister Meigs, take under the residuary clause of their mother's will, the residuary including this property?

It is contended by the defendant that this case is ruled by the case of Chambers v. Union Trust Co., 235 Pa. 610.

The provisions of both wills as to the residue being quite similar, for easy comparison, we shall set side by side the pertinent provisions of both wills:

| Chambers will: | Wister will: |
|---|---|
| "Item. I give and devise my farm (devised by my father to me) to my nephew, Joseph Barnsley and to his children; but in case he should die without legal issue, then it is to go to the heirs of my father, as directed by the intestate laws of Pennsylvania." | "The residue or remainder of my estate or property, real and personal, without inventory, I will and bequeath equally divided between my three daughters, Elizabeth Wister Wurts, Sarah Logan Wister Starr and Margaret Wister and to their children. Should either of them die without issue or children, her share shall go to her sisters or sister, share and share alike." |

In the case of Chambers v. Union Trust Co., supra, Mr. Chief Justice Moschzisker, at page 616, said:

"Under the settled decisions of this court, the language employed by the testator, 'to my nephew and to his children,' was tantamount to saying 'to my nephew for life with remainder to his children.' The only question is, does the use of the phrase 'in case he should die without legal issue' make it necessary to construe the prior use of the word 'children' as though it were 'issue,' which would mean an indefinite failure of issue, thus creating an estate tail and bringing the devise within the Rule in Shelley's Case? We think not. 'Children' is prima facie a word of purchase and not of limitation, and we are convinced that the present testator intended so to use it.

"Moreover, there is no necessity for giving the word an enlarged meaning, for here, under the devise as framed, the estate would vest in the children of the nephew as a class immediately upon any of them coming into existence before his death, and there could, therefore, be no possibility of an exclusion of descendants. As to the phrase 'without issue,' there is less reluctance to narrow the prima facie meaning of the word 'issue' than of other words; that word may be 'applied only to children:' Taylor v. Taylor, 63 Pa. 481, 483. It is an unbending rule that when a fee simple is given in remainder after an

estate for life to the children of a first taker, words following containing a limitation over on default of his issue are held not to raise an estate tail by implication. In this class of cases 'issue' is construed to mean 'such issue:' Curtis v. Longstreth, 44 Pa. 297, 302, 303. 'It is well settled, also, that words importing a failure of issue without the word 'such,' following a devise to children in fee simple or fee tail, refer to the objects of that prior devise and not to the issue at large:' Daley v. Koons, 90 Pa. 246, 249. The present case falls within these authorities, and the words of the devise, 'legal issue,' should have been construed to mean 'such children' and to import a definite failure of issue."

In the case of Whiteley's Estate, 273 Pa. 364, the Supreme Court, after stating the facts, at page 366, said: "This is the usual case of an estate given in trust for the use of one for life and then over to his children in fee, which we have often held creates but a life estate in the first taker, which is not changed by the provision that if the life-tenant dies without leaving children or issue him surviving, the estate is to vest in other relatives of testator: Daley v. Koons, 90 Pa. 246; Kemp v. Reinhard, 228 Pa. 143; Livezey's Appeal, 106 Pa. 201.

In the case of Reiff v. Pepo, 290 Pa. 508, the Supreme Court, at page 515, said: "The law finds an intention to give only a life estate under circumstances much less convincing than those here present; for instance, a devise to A and his children is in this State uniformly held to give a life estate to A with remainder to his children: Chambers v. Union Trust Co., 235 Pa. 610, 616."

We do not see anything in the will under consideration which plainly denotes that the word "children" is not a word of purchase. The words "should either of them die without issue or children her share shall go to her sisters or sister, share and share alike," it is true, give to the surviving sisters or sister an absolute estate in the respective remainder over of the daughter who had a life estate only, dying without issue or children, a greater estate than given to any of the daughters in the first instance, and it is argued by the learned counsel for plaintiffs that that clearly shows that testatrix intended to give the daughters, who were the first objects of her bounty, fee simple estates in the whole. We do not concur in this. As we understood at the argument, children of the daughters, or some of them, were living at the time of the making of the will and at the time of the death of the testatrix, and, under authority of Whiteley's Estate, supra, which we have quoted, and other authorities, estates for life were created for the daughters and the remainder vested in others, viz., their children subject to be opened and others yet unborn to be let in as remaindermen.

We are of the opinion that the authorities above cited, and particularly that of Chambers v. Union Trust Co., supra, are so conclusive that we cannot release ourselves from them.

Wherefore, we are of the opinion that the plaintiffs, Elizabeth Wister Wurts, Sarah Logan Wister Starr and Margaret Wister Meigs, at the death of their mother, Sarah Tyler Wister, by her last will and testament, took life estates in the real estate of their mother with remainder in fee over to their children, unaffected by the subsequent language of the will, and that the prayer of the petitioners should be refused and the bill dismissed.

And now, March 11, 1929, upon due consideration, it is hereby ordered, adjudged and decreed as follows: That the prayer of the petitioners is refused and the bill is dismissed, at the cost of the plaintiffs.

From Homer L. Kreider, Harrisburg, Pa.